**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **KEVIN DEVON HAYNES, #1175542,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **3:05-CV-1935-B** |
| | ) | **ECF** |
| **NATHANIEL QUARTERMAN,** | ) | |
| **Director, Texas Department of** | ) | |
| **Criminal Justice, Correctional** | ) | |
| **Institutions Division,** | ) | |
| **Respondent.**[1] | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a petition for writ of habeas corpus filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner, Kevin Devon Haynes (hereinafter Petitioner or Haynes), is presently incarcerated at the Coffield Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) in Tennessee Colony, Texas. Respondent is the Director of TDCJ-CID. The Court issued process in this case.

---

[1] Effective June 1, 2006, the Nathaniel Quarterman was named Director of the Texas Department of Criminal Justice, Correctional Institutions Division. The caption is being changed pursuant to Fed. R. Civ. P. 25(d).

Statement of Case: Following his plea of not guilty, a jury convicted Petitioner of aggravated assault with a deadly weapon in the 282nd Judicial District Court of Dallas County, Texas, in Cause No. F02-71121-QS. (Petition (Pet.) at 2). Punishment was assessed at thirty-five years confinement in TDCJ-CID. (Id.). His conviction was affirmed on direct appeal. Haynes v. State, No. 05-03-01092-CR (Tex. App. – Dallas May 27, 2004, no pet.) (unpublished).

On May 20, 2005, Petitioner filed a state habeas application pursuant to art. 11.07, Texas Code of Criminal Procedure. Ex parte Haynes, No. 62,469-01, at 2. The Texas Court of Criminal Appeals denied the application without written order on August 17, 2005. Id. at cover.[2]

Thereafter, Petitioner filed a motion for extension of time to file a federal habeas corpus petition, arguing that his TDCJ-CID Unit was on lock down and that he did not have access to the law library. See Haynes v. Dretke, 3:05cv1780-M (N.D. Tex. filed Aug. 31, 2005). On September 12, 2005, a magistrate judge filed findings and conclusions, recommending that the motion for extension be dismissed without prejudice for want of jurisdiction. Id. (docket # 3). Petitioner did not object, although he sought and was granted an extension to do so, and on November 9, 2005, the Court adopted the recommendation and dismissed the motion for extension of time to file his federal petition for want of jurisdiction. Id. (docket #6 and #7).

---

[2] His art. 11.07 writ reiterates the four grounds which Petitioner had raised on direct appeal, which was required in order to satisfy the exhaustion requirement. See Richardson v. Procunier, 762 F.2d 429, 430-32 (5th Cir. 1985).

On September 29, 2005, during the pendency of the above federal proceeding on the motion for extension, Petitioner filed the federal petition at issue in this case. The petition raises the same four grounds for relief alleged in the art. 11.07 writ -- namely ineffective assistance of counsel at trial, prosecutorial misconduct, denial of a speedy trial, and factual insufficiency of the evidence. (Petition (Pet.) at 7).[3]

In response to this Court's order to show cause, Respondent filed an answer seeking dismissal of the petition as time barred, and alternatively, denial on the merits. Petitioner has not filed a reply.

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d).

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1)(A)-(D).

---

[3] For purposes of this recommendation, the petition is deemed filed on September 27, 2005, the date on which Petitioner signed the same and most probably placed it in the prison mail system. See Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998) (a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief became known or could have become known prior to the date Petitioner's state judgment of conviction became final. Thus, the Court will calculate the one-year statute of limitations from the date Petitioner's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d)(1)(A).[4]

Petitioner's conviction became final for purposes of the one-year period on June 26, 2004, thirty days after the Court of Appeals affirmed the judgment of conviction. See TEX. R. APP. P. 68.2(a) (effective September 1, 1997). The one-year period began to run on June 27, 2004, the day after Petitioner's conviction became final. See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998). Since that day fell on a Sunday, the one-year period began to run on Monday June 28, 2004.

As of May 20, 2005, the date on which the Dallas County District Clerk filed Petitioner's art. 11.07 application, 326 days of the one-year limitations period had elapsed. The state application remained pending until August 17, 2005, during which time the one-year period was statutorily tolled pursuant to 28 U.S.C. § 2244(d)(2). See Sonnier v. Johnson, 161 F.3d 941, 944 (5th Cir.1998); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir.1998). The one-year period resumed running on August 18, 2005, and

[4] While Respondent's answer (docket # 9) accurately lists the relevant dates for statute of limitations purposes at p. 2, it contains several clerical errors at p. 6.

expired 39 days later on September 25, 2005. Since that day fell on a Sunday, the federal petition was due on Monday September 26, 2005. The earliest possible date on which Petitioner signed his federal petition and most probably placed it in the prison mail was on Tuesday September 27, 2005. (Pet. at 9). Therefore, the federal petition is clearly time barred absent equitable tolling.[5]

Petitioner does not rebut Respondent's assertion that his federal petition is time barred, nor does he requests the Court to toll the limitations period on equitable grounds. Nevertheless, his federal petition and attached memorandum, even when liberally construed in accordance with his *pro se* status, do not warrant equitable tolling. The Fifth Circuit Court of Appeals has repeatedly held that "[t]he doctrine of equitable tolling is applied restrictively and . . . is entertained only in cases presenting 'rare and exceptional circumstances where it is necessary to preserve a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" In re Wilson, 442 F.3d 872, 875 (5th Cir. 2006). "[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999). Moreover, "a petitioner's failure to satisfy the statute of limitations must result from external factors

---

[5] The record reflects Petitioner signed his art. 11.07 application on May 15, 2005, five days before its filing by the Dallas County District Clerk. Ex parte Haynes, No. 62,469-01, at 10. Insofar as Petitioner seeks to rely on the federal mailbox rule, his claim is meritless. The federal mailbox rule does not apply to the filing of state writs. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (declining to extend the mailbox rule to the determination of filing dates for state habeas applications). Instead, when a prisoner asserts that his ability to file a federal habeas petition has been affected by a state proceeding, a court should examine the facts to determine whether the prisoner is entitled to equitable tolling. Id. As set out more fully below, Petitioner's pleadings do not warrant tolling on equitable grounds.

beyond his control; delays of the petitioner's own making do not qualify." In re Wilson, 442 F.3d at 875. An applicant's diligence in pursuing habeas relief in state and federal court is also an important factor in assessing his entitlement to equitable tolling. Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999) ("for equitable tolling to apply, the applicant must diligently pursue ··· relief.").

Petitioner delayed the filing of his art. 11.07 application for 326 days -- ten months and 22 days -- after his conviction became final. Petitioner provides no explanation for this nearly eleven-month delay. Such unexplained delay makes the circumstances of this case not extraordinary enough to qualify for equitable tolling. See Coleman, 184 F.3d at 403 (finding that an unexplained six-month delay after the state court denied the state petition made the circumstances of that case "not extraordinary enough to qualify for equitable tolling under § 2244(d)(1)"); Basalo v. Cockrell, 2003 WL 21653864, *4 -5 (N.D. Tex., Jul. 21, 2003) (3:02cv596-H) (finding that an unexplained delay of eleven months between the date the conviction became final and the date of filing of the state habeas petition did not warrant equitable tolling), findings, conclusions and recommendation adopted (N.D. Tex., Aug. 1, 2003). Nor does it establish due diligence in pursing state habeas relief. "There is no reason to distinguish between delay that occurs before the filing of a state petition and delay that occurs afterwards." Basalo, 2003 WL 21653864, *4. "[E]quity is not intended for those who sleep on their rights. Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999).

Following the denial of his state application, Petitioner delayed an additional 41 days before submitting this federal petition for filing. Although the pleadings in this case do not provide an explanation for this delay, it appears that his prison unit was on "lock

down" and that he could not go to the law library to complete his federal petition. See Haynes v. Dretke, No. 3:05cv1780-M (N.D. Tex., Dallas Div., filed August 31, 2005) (motion for extension of time). As a result, on August 28, 2005, Petitioner mailed a motion for extension of time to file his federal petition. Id. (docket #1). On September 12, 2005, with fourteen days remaining on the limitations period, the magistrate judge filed findings and conclusions recommending that the motion for extension to file the federal petition be dismissed because Petitioner sought an advisory opinion about the timeliness of a future federal petition, and the federal court lacked subject matter jurisdiction to grant such relief. Id. (docket #3).[6] On September 19, 2005, Petitioner mailed a motion for extension to file objections to the magistrate judge's findings, reiterating that he had no "access to the law library or case law to support his claim," and requesting a thirty-day extension. Id. (docket # 4). Ultimately, on September 27, 2005, he mailed the federal petition at issue in this case.

While the prison "lock down" prevented access to the law library, Petitioner cannot establish that he needed a law library to prepare his federal petition, which asserted the same claims and arguments raised in his state habeas writ. Since Petitioner was able to file a motion for extension during the prison lock down, he just as easily could have placed a skeletal federal petition in the prison mail during the same time

[6] The recommendation was in accordance with Fifth Circuit case law, which recognizes "that a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed." See United States v. McFarland, 125 Fed. Appx. 573, *1 (5th Cir. Apr. 6, 2005) ("Before the petition itself is actually filed, 'there is no case or controversy to be heard, and any opinion we were to render on the timeliness would be merely advisory.'"). The recommendation specifically cautioned Petitioner that the court was unable to construe the motion for extension as a federal habeas corpus petition because he did not present any grounds for relief. Id.

frame. Therefore, the prison "lock down" in and of itself did not prevent Petitioner in some extraordinary way from asserting his rights. It did not make it impossible for him to file timely his federal petition.

In addition, Petitioner cannot show that he acted with diligence in pursuing federal habeas relief. Petitioner's actions first in seeking an extension of time to file a federal petition, and second in seeking an extension to object to the magistrate judge's findings, exhibit a choice to pursue his motions for extension rather than immediately filing his federal petition. Had Petitioner placed a skeletal federal petition in the prison mail on August 28, 2005, the date he signed his motion for extension to file a federal petition - docketed in No. 3-05-CV-1780, supra, or on September 19, 2005, the date he signed his motion for extension to file objections, his federal petition would have been timely filed. The choice to pursue the two motions for extension was entirely within Petitioner's control and presents no extraordinary circumstances that made it impossible to file his petition on time.

In addition, this is not a case where the State actively misled Petitioner about his cause of action. Nor can Petitioner argue that he was misled in any way by the magistrate judge's findings recommending dismissal of his motion for extension to file his federal petition on jurisdictional grounds. Cf. Dimas v. Dretke, 115 Fed. Appx. 679 (5th Cir. Oct. 21, 2004) (Equitable tolling applied to make federal petition timely when petitioner filed motion for extend time to file petition within limitations period, motion was denied after limitations period expired, and petitioner filed federal petition before deadline that was specified by magistrate judge in ruling that motion for extension was unnecessary).

For these reasons, the Court finds no equitable tolling warranted in this case. The federal petition should be dismissed as time barred.

In the alternative the petition should be denied on the merits. Disposition of Petitioner's claims is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") which in pertinent part precludes the granting of federal habeas corpus relief unless the State court adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254 (d)(1) and (2).

In his first ground Haynes alleges that his trial attorney rendered ineffective assistance of counsel in failing to object to the prosecution's impeachment of his brother's testimony. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984), sets out the standard to be applied. A petitioner must prove that his attorney's performance did not comport with the objective minimum standards of competence required by the Sixth Amendment (cause) and that as a result of such deficient performance the petitioner was deprived of a fair trial (prejudice). Id. at 687, 104 S.Ct. at 2064. Failure to prove either prong of the two-part test forecloses relief. Id. at 697, 104 S.Ct. at 2069.

The trial record reflects that Petitioner called his brother, Morris Haynes, as a witness. Morris's testimony directly contradicted that of the victim, James Smith. Whereas, Smith testified that Petitioner pulled the pistol from his sweatshirt and handed it to Morris who proceeded to shoot the victim, Morris testified that neither he nor Kevin

were armed, that it was Smith who possessed the gun and that the gun went off as he and the victim were struggling for the gun.[7]

The state appellate court found that no error was preserved with respect to the State's cross-examination of Morris in which he admitted that he was subject to a lesser sentence than Petitioner were he convicted of aggravated assault. See Reporter's Record, Vol. 5, at 35; Opinion at 3. The appellate court next considered this line of questioning and the State's closing argument in the guilt-innocence phase of trial in which it was suggested that Morris was "tak[ing] the rap for the case" because he was looking at a much lighter sentence, Id. at 39-40, in the context of ineffective assistance of counsel. Opinion at 4-6. The court found that Haynes failed to demonstrate that the absence of an objection to these matters constituted deficient performance. As noted by the Fifth Court Petitioner failed to identify any case authority holding that either the prosecutor's cross-examination or the argument constituted reversible error. Moreover, the limitations imposed by the AEDPA foreclose relief. See e.g. Yarborough v. Gentry, 540 U.S. 1, 124 S.Ct. 1 (2003).[8]

In his third ground Haynes contends that his right to a speedy trial was denied. An alleged violation of a defendant's Sixth Amendment right to a speedy trial is governed by the factors enumerated in the Supreme Court's opinion in Barker v. Wingo, 407 U.S.

---

[7] The relevant testimony is summarized in the Fifth Court's opinion filed on May 27, 2004. See 05-03-01092-CR, opinion at 1-2 and is related in greater detail in the respective briefs filed in the direct appeal.

[8] Likewise relief on Petitioner's second ground is precluded.

514, 99 S.Ct. 2182 (1972). The state appellate court held that no error had been preserved.

In his answer Respondent concedes that the length of delay between Petitioner's arrest and his trial requires the court to consider the four factors set out in Barker v. Wingo. However, he also points out that the case was continued for trial by agreement on multiple occasions, the last of which agreed to a trial setting of June 16, 2003, the date on which Petitioner's jury trial began. See No. 05-03-01092-CR, Supplemental Record at 008. These agreements both explain the length and reason for the delays. The Fifth Court of Appeals found that Haynes's pro se letter to the trial court inquiring about his arraignment and the alleged absence of a bond setting did not constitute a proper demand for a speedy trial. Opinion at 6-7; see also Record on Appeal, Vol. One at 132-33. Finally, Petitioner has failed to demonstrate prejudice, given that it is clear that the passage of time did not deprive him of the ability to call his brother as a witness.

In his final ground Haynes attacks the factual sufficiency of the evidence to support his conviction. In addition to an attack on the legal sufficiency of the evidence which states a basis for federal habeas corpus relief recognized by the Supreme Court in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 278 (1979), Texas courts also permit an attack on the factual sufficiency of the evidence. See Clewis v. State, 922 S.W.2d 126 (Tex. Crim. App. 1996). However, the factual sufficiency of the evidence claim is rooted in the Texas Constitution and therefore fails to state a cognizable basis for federal habeas relief. See e.g. Woods v. Cockrell, 307 F.3d 353, 357-58 (5th Cir. 2002).

RECOMMENDATION:

For the foregoing reasons it is recommended that the petition be dismissed with prejudice, being barred by the statute of limitations. In the alternative it is recommended that the District Court find that Petitioner has failed to prove that the Texas state courts' disposition of his grounds satisfies the requirements of either 28 U.S.C. § 2254(d)(1) or (d)(2) and that the petition be denied on the merits.

A copy of this recommendation shall be transmitted to Petitioner and counsel for Respondent.

Signed this 13th day of June, 2006.

Wm. F. Sanderson, Jr.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.